UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-50(3)(DSD/JJG)

United States of America,

        Plaintiff,

v.                                                              **ORDER**

Kevin Green,

        Defendant.


    Kevin Green, Reg. No. 12838-041, USP Beaumont, P.O. Box 206030, Beaumont, TX 77720, pro se.

    Tracy L. Perzel, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.


This matter is before the court upon the pro se motions by defendant Kevin Green for relief from a judgment or order pursuant to Rule 60(b) and for discovery. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motions.


**BACKGROUND**

The background of this matter is fully set out in previous orders, and the court recites only those facts necessary to the disposition of the instant motion. On July 18, 2006, Green pleaded guilty to conspiracy to distribute and possess with intent to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. The court sentenced

Green to a term of imprisonment of 124 months.  See ECF No. 179. Green did not appeal his sentence.

On February 29, 2008, Green moved pursuant to 28 U.S.C. § 2255 to vacate the court's sentence.  See ECF No. 181.  Green argued that he received ineffective assistance of counsel because his attorney (1) did not help him understand the plea agreement, (2) did not attempt to withdraw his guilty plea, (3) did not understand or sufficiently address issues related to the presentence investigation report, (4) did not appeal his sentence and (5) improperly discussed details of his case with other clients.  The court ordered an evidentiary hearing on the sole issue of whether Green's previous counsel had ignored his request to appeal.  See ECF No. 188.

At the hearing, Green sought to introduce further evidence of ineffective assistance of counsel by arguing that his counsel should have ascertained the nature of his previous convictions for Felony Fleeing a Police Officer in a Motor Vehicle before Green pleaded guilty.  See Hr'g Tr. 4:11-5:14.  The court declined to hear evidence on the issue at the limited evidentiary hearing, but allowed supplemental briefing.  See Hr'g Tr. 70:11-19.

Following the evidentiary hearing and supplemental briefing, the court denied the § 2255 motion.  See ECF No. 211.  In March 2010 and September 2011, Green requested authorization to file successive § 2255 petitions in light of new Supreme Court

2

decisions, seeking to be resentenced without the application of the career offender sentencing guideline.  The Eighth Circuit Court of Appeals denied the petitions.  See Green v. United States, No. 11-3099 (8th Cir. Nov. 28, 2011); Green v. United States, No. 10-1461 (8th Cir. June 17, 2010).

On February 14, 2014, Green filed the instant motion to correct his sentence pursuant to Rule 60(b), requesting that the court "grant reope[n]ing of the 2255 on the fleeing issue."  ECF No. 240, at 5.  On March 14, 2014, Green moved for discovery in support of the Rule 60(b) motion.

## DISCUSSION

A court may grant relief under Rule 60(b) if, among other reasons, "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  "A judgment is void if the rendering court ... acted in a manner inconsistent with due process."  Johnson v. Arden, 614 F.3d 785, 799 (8th Cir. 2010) (citation and internal quotation marks omitted).  "Rule 60(b) allows for attacks on the integrity of a civil habeas proceeding ...."  United States v. Graham, No. 98-1797, 2005 WL 2105474, at *2 (D. Minn. Aug. 26, 2005) (citation omitted). When a petitioner requests relief under Rule 60(b), the court must examine whether the motion is more properly

characterized as a successive § 2255 petition. See, e.g., United States v. Borrero, Nos. 03-281, 08-1160, 2010 WL 3927574, at *1 (D. Minn. Oct. 5, 2010).

### A. Successive § 2255 Petitions

The government first argues that the instant motion is a successive § 2255 petition. Under federal law, a "claim presented in a second or successive habeas corpus petition ... that was presented in a prior application shall be dismissed," unless the applicant can show that the claim relies on a new and retroactive rule of constitutional law or newly discovered facts. 28 U.S.C. § 2244(b). "[F]ederal prisoners may not file second or successive § 2255 motions without an appropriate certification from the circuit court." Boykin v. United States, 242 F.3d 373, at *1 (8th Cir. 2000) (per curiam) (citations and internal quotation marks omitted). A Rule 60 motion may be considered a successive habeas petition where it "attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). If a purported Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the ... motion to the Court of Appeals." Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). A Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a

claim on the merits, but some defect in the integrity of the federal habeas proceedings," however, is not a successive petition. Gonzalez, 545 U.S. at 532.

Green argues that the instant motion attacks the proceedings surrounding his original § 2255 motion. Specifically, Green argues that he was entitled to an evidentiary hearing on the claim that his attorney's failure to ascertain the nature of Green's previous convictions amounted to ineffective assistance of counsel. Thus, Green "argues that the court's procedures - i.e., its failure to conduct a full evidentiary hearing - did not adequately protect his right to due process." Graves v. Smith, 811 F. Supp. 2d 601, 607 (E.D.N.Y. 2011) (citation omitted). As a result, the instant motion is not a successive petition. See, e.g., United States v. Sears, 396 F. App'x 491, 493 (10th Cir. 2010) (finding Rule 60(b) motion was not a successive petition where movant attacked denial of an evidentiary hearing in a habeas case).

**B.   Previous Evidentiary Hearing and Merits Determination**

A § 2255 motion can be dismissed without an evidentiary hearing if the defendant's allegations, accepted as true, do not entitle him to relief or if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (citation and internal quotation marks omitted). A defendant is entitled to an

evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief."  28 U.S.C. § 2255(b).

Here, Green argues that he should have been allowed an evidentiary hearing on the claim that his attorney inadequately understood the nature of his previous convictions for Felony Fleeing a Police Officer in a Motor Vehicle.  Further, Green argues that "there was no merits consideration" of such a claim.  See ECF No. 181, at 1.  The court, however, previously analyzed this very argument in its consideration of Green's original § 2255 petition:

> The court's July 7, 2008, order determined that a hearing was not necessary on counsel's alleged ignorance of defendant's career offender status because defendant acknowledged on the record that there was a possibility he could be sentenced as a career offender. Defendant offers no new evidence to change the court's decision.  Moreover, even if counsel failed to advise defendant of his career offender status, such an error does not support an ineffective assistance of counsel claim.

See ECF No. 211, at 8-9.  In other words, the court specifically considered and rejected any claim based on an inadequate understanding by Green's counsel of his career offender status. The court properly considered the claim at issue, including supplemental briefing by Green and the government, and concluded that Green was not entitled to an evidentiary hearing because the claim was contradicted by the record and did not support an ineffective assistance claim.  As a result, there was no due

6

process violation and denial of the instant motion is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for relief from judgment [ECF No. 240] is denied.

2. The motion for discovery [ECF No. 244] is denied as moot.

Dated:  June 9, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
